**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION** MDL No. 3171

# TRANSFER ORDER

**Before the Panel**:* Plaintiff in a District of Maryland action (*J.E.*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, the Western District of Washington.[1] This litigation consists of seventeen actions pending in ten districts, as listed on Schedule A. The parties have notified the Panel of four related actions pending in four districts.[2] Plaintiffs in seven actions and potential tag-along actions support centralization in the Northern District of California. Plaintiffs in three of these actions alternatively suggest centralization in the District of Massachusetts. Defendant Lyft, Inc., opposes centralization and, alternatively, suggests centralization in the Northern District of Texas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs in these actions allege that they suffered sexual assault or harassment as a result of Lyft's failure to implement appropriate safety precautions to protect passengers. The actions present common factual issues arising from allegations that Lyft was aware of the risk of sexual assault but failed: (1) to screen and background check drivers appropriately; (2) to train and supervise drivers adequately; (3) to respond to complaints and feedback about sexual misconduct from drivers; (4) to implement safety design changes to the Lyft app; and (5) to adopt standard safety measures, such as video and audio surveillance. Plaintiffs bring similar claims, including

---

* Judge Karen K. Caldwell, Judge Matthew F. Kennelly, and Judge David C. Norton took no part in the decision of this matter.

[1] After briefing concluded, movant sought to withdraw her motion to centralize, explaining that she "no longer has standing" to bring her motion. The Panel Clerk denied that motion because several plaintiffs had responded in support of centralization. Moreover, "the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts." Notice of Hearing Session dated December 19, 2025.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

negligence, misrepresentation, breach of contract, strict product liability, and failure to warn. Common factual questions include: what representations Lyft made about safety; whether Lyft had knowledge of the prevalence of sexual assault by its drivers; whether Lyft failed to adequately conduct background checks of drivers and train drivers regarding sexual assault and harassment; whether Lyft failed to adequately respond to complaints about drivers; and whether there were safety measures that could have been implemented to protect passengers from sexual assault but that Lyft chose not to adopt. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Lyft's primary argument against centralization is that there already exists a California state court consolidated proceeding (JCCP), and plaintiffs should file their claims as part of that proceeding, which already includes many claims brought by non-California residents about alleged assaults that took place outside of California. *See* JCCP No. 5061, *In re Lyft Rideshare Cases*, CJC-20-005061. Lyft argues that, because the Lyft JCCP has been proceeding for more than five years and is procedurally advanced, it would be more efficient for plaintiffs to bring their claims in that court.

Even if we were to find that a single consolidated proceeding in state court is the most just and efficient path for all claims involving sexual assault by Lyft drivers, the Panel cannot require these or any future plaintiffs to file in California state court. Were we to deny centralization here, 21 similar cases still would remain pending across twelve different federal courts, with the possibility that more cases will be filed. It is far more efficient to coordinate a single federal MDL with the proceedings in California state court than to informally coordinate so many cases filed across the country. *See, e.g.*, *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378 (J.P.M.L. 2013) ("[C]reation of a Plavix MDL will not only result in the usual Section 1407 efficiencies, it also likely will facilitate coordination among all courts with Plavix cases, simply because there will now be only one federal judge handling most or all federal Plavix litigation."). Absent centralization, there is no prospect for the currently pending federal actions to proceed in one court.

Lyft further argues that plaintiffs' counsel is motivated to create an MDL because they disagree with the state court plaintiffs' leadership counsel's request for common benefit fees. While we have found that, "where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it,"[3] we also refrain from attempting to divine counsel's motives for filing in a particular district.[4] Parties are free to file in state or federal court as they choose, so long as jurisdictional requirements are met. Notably, Lyft does not suggest that the claims in the cases before us are illegitimate or that they were filed in inappropriate districts.

---

3 *In re CVS Caremark Corp. Wage & Emp. Pracs. Litig.*, 684 F. Supp. 2d. 1377, 1379 (J.P.M.L. 2010).

4 *See id.* ("[T]he Panel's primary purpose is not to divine the motives and strategies of the various litigants. Indeed, those considerations are most often irrelevant to our decision making.").

We find that the Northern District of California is the most appropriate transferee district for this litigation. Eight of the 21 related actions are pending in this district, including the first-filed actions. Lyft is headquartered in the Northern District of California, and centralization there would facilitate coordination with the Lyft JCCP in San Francisco. We assign the litigation to Judge Rita F. Lin, who presides over a related action and has not yet had the opportunity to preside over multidistrict litigation. We are confident that Judge Lin will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Rita F. Lin, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

[signature]

Nathaniel M. Gorton
Acting Chair

Roger T. Benitez
Madeline Cox Arleo

Dale A. Kimball

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California
by [signature] Deputy Clerk
Date: 02/05/2026

**IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION** MDL No. 3171

**SCHEDULE A**

Northern District of California

MEANS v. LYFT, INC., C.A. No. 3:24−00177
SPANO v. LYFT, INC., C.A. No. 3:24−00799
STENCEL v. LYFT, INC., C.A. No. 3:24−01535
DOE NLG (B.J.) v. LYFT, INC., C.A. No. 3:25−07369
DOE (I.H.) v. LYFT, INC., ET AL., C.A. No. 3:25−07412
DOE (S.M.) v. LYFT, INC., C.A. No. 3:25−07929
DOE (R.P.) v. LYFT, INC., C.A. No. 3:25−07930
DOE CM v. LYFT, INC., ET AL., C.A. No. 4:25−07396

Northern District of Georgia

J.S. v. LYFT, INC., ET AL., C.A. No. 1:25−05350

Central District of Illinois

BLAND v. LYFT, INC., C.A. No. 2:25−02236

District of Massachusetts

A.D. v. LYFT, INC., ET AL., C.A. No. 1:25−12423

District of Maryland

J.E. v. LYFT, INC., ET AL., C.A. No. 1:25−02786

Western District of North Carolina

K.S. v. LYFT, INC., ET AL., C.A. No. 3:25−00649

Southern District of New York

CLF L001 v. LYFT, INC., C.A. No. 7:25−08206

Northern District of Texas

JANE DOE (E.J.) v. LYFT, INC., C.A. No. 3:25−02464

Southern District of Texas

DOE v. LYFT, INC., C.A. No. 4:25−04346

Western District of Washington

K.T. v. LYFT, INC., ET AL., C.A. No. 2:25−01589